UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Mems, Nathanial Khaliq,                    Civ. File No. 97-1589 (PAM/JGL)
Philip Webb, Thurman Smith, and
Byron Brown,

                              Plaintiffs,

v.                                                **MEMORANDUM AND ORDER**

The City of St. Paul–Department of
Fire and Safety Services,

                              Defendant.

_____

     This matter is before the Court on arguments submitted by both parties regarding

proposed special verdict forms.  For the following reasons, the Court rules in favor of the

Defendant.

**BACKGROUND**

     For the purposes of this Order, it is not necessary to recount the facts of this case in

detail.  Essentially, Plaintiffs, African-American firefighters, allege that they were subject

to acts of racially discriminatory harassment sufficient to create a hostile work environment,

and Defendant St. Paul Fire Department ("SPFD") failed to take prompt and effective

remedial action after Plaintiffs complained of this harassment.

     The case has its origins in 1992 when Plaintiffs Robert Mems, Nathanial Khaliq,

Thurman Smith, and Byron Brown sued SPFD for racial discrimination.  The parties settled

this suit two years latter.  As part of this settlement, SPFD was released from all claims that

**NOV 2 6 2001**

FILED_____
RICHARD D. SLETTEN, CLERK

JUDGMENT ENTD_____
DEPUTY CLERK_____

these Plaintiffs might have had against SPFD which arose before June 17, 1994.   On November 5, 1996, however, the National Association for the Advancement of Colored People ("NAACP") filed an administrative charge of discrimination against SPFD on behalf of Webb and Smith.   In April of 1997, Mems, Khaliq, and Brown filed individual administrative charges of discrimination against SPFD.

## DISCUSSION

The parties have stipulated to and submitted three variations of proposed special verdict forms for Plaintiffs Robert Mems, Nathanial Khaliq, and Byron Brown.  Similarly, the parties have stipulated to and submitted two variations of proposed special verdict forms for Plaintiffs Philip Webb and Thurman Smith.  The only debate over these forms centers on the period of time during which each Plaintiff may recover damages for any illegal acts of discrimination.

Defendant argues that Mems, Khaliq, and Brown may only recover damages on their respective race discrimination claims for illegal acts occurring within one year of the filing of their administrative charges.  Defendant then argues that Webb and Smith should only recover damages for illegal acts occurring within one year of the filing of the NAACP charge submitted on their behalf.  Plaintiffs contend that they all should be able to recover damages for illegal acts occurring since the settlement in 1994.  Alternatively, Plaintiffs argue that they all should be able to recover damages for illegal acts occurring within one year of the filing of the NAACP charge.

2

It is important to note that Plaintiffs have filed claims alleging violations of both Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363.01 et seq. Title VII requires that a plaintiff file a charge with the Equal Employment Opportunity Commission ("EEOC") or analogous state agency within 300 days of an act of discrimination. 42 U.S.C. § 2000e-5. In the Eighth Circuit, "plaintiffs may only recover damages on their [Title VII] discrimination claims for acts committed during [this] statute of limitations period, even if there was a continuing violation." Madison v. IBP, Inc., 257 F.3d 780, 796-97 (8th Cir. 2001) (citing Kline v. Kansas City Fire Dept., 175 F.3d 660, 665 (8th Cir. 1999) ("[d]amages, however, may be recovered only with respect to events that occurred within the limitations period")); see also Gipson v. KAS Snacktime Co., 83 F.3d 225, 230 (8th Cir. 1996) ("Gipson I") (same); Ashley v. Boyle's Famous Corned Beef Co., 66 F.3d 164, 167-68 (8th Cir. 1995) (en banc) (same).

Although this rule has been criticized, the Eighth Circuit continues to justify the rule, arguing that it "strikes a reasonable balance between permitting redress of an ongoing wrong and imposing liability for conduct long past." IBP, Inc., 257 F.3d at 797 (quoting Ashley, 66 F.3d at 167-68). Indeed, it appears that the rule is firmly ensconced. See Gipson v. KAS Snacktime Co., 171 F.3d 574, 576 n. 3 (8th Cir. 1999) ("Gipson II") ("[u]ntil modified or overruled by the court en banc, Ashley . . . [is] the law of this Circuit"). Accordingly, the pivotal issue in this case, is whether Plaintiffs are similarly limited to recovery for illegal acts

3

of discrimination occurring within the MHRA's one year limitation period.  See Minn. Stat. § 363.03, subd. 3.

This question appears to be unanswered by Minnesota case law.  Plaintiffs essentially argue that although Minnesota courts look to federal law when construing the MHRA, they are not bound by federal law.  According to Plaintiffs, Minnesota would not or should not constrain the reach of the MHRA as the Eighth Circuit constrains the reach of federal discrimination laws.  IBP, Inc. provides some support for this argument.  In IBP, Inc., an employee filed an action against her employer alleging sex and race discrimination, harassment, retaliation, and constructive demotion under Title VII, § 1981, and the Iowa Civil Rights Act ("ICRA").  The court determined that: (1) the plaintiff could only recover damages under Title VII for the 300-day period preceding the filing of her administrative charge (applying the Ashley rule); (2) the plaintiff could recover damages under § 1981 for the two year period preceding the filing of her administrative charge (applying an Iowa limitations period for personal injury cases); but (3) the plaintiff could recover damages under the ICRA for the entire period during which her rights were violated.

The court noted that even though this third conclusion was "inconsistent with our cases holding that a federal employment discrimination plaintiff may only recover damages for acts which took place during the statute of limitations period, even where there was a continuing violation, . . . [the] ICRA should be interpreted in accordance with expressed Iowa law."  IBP, Inc., 257 F.3d at 800.  Because the Iowa Supreme Court had clearly

affirmed an award of back pay under the ICRA for a seven-year period for which the plaintiff had shown a continuing violation, see Hy-Vee Food Stores, Inc. v. Iowa Civil Rights Comm'n, 453 N.W.2d 512, 531 (Iowa 1990), and because the Iowa Supreme Court had not adopted Ashley, the Eighth Circuit found that Iowa's interpretation of the ICRA was controlling.

Unlike Iowa, however, Minnesota courts have not clearly ruled that plaintiffs may recover damages outside of the MHRA limitations period. While it is possible that Minnesota courts would not adopt the rule of Ashley and its progeny, Plaintiffs have failed to cite a Minnesota case that is even roughly analogous to Hy-Vee. In the absence of clear authority to the contrary, the Court believes that Minnesota courts would apply the rule of Ashley to claims under the MHRA. See Gipson I, 83 F.3d at 230 (determining that the "Missouri Supreme Court would apply [the Ashley] principle to continuing violation claims under the [Missouri Human Rights Act]").

Accordingly, the Court finds that Plaintiffs may only recover damages for illegal acts which occurred within one year of the filing of their administrative charges.[1] Plaintiffs have cited no legal basis for their claim that they should all be allowed to recover damages within

_____

[1] Although technically Plaintiffs could only recover damages under Title VII for illegal acts occurring within 300 days of the filing of their administrative charges, Defendants have stipulated to a one year limitation period for all of the Plaintiffs' claims in order to simplify matters for the jury. Additionally, the jury need not differentiate between Plaintiffs' claims under Title VII and the MHRA because they are "'effectively' fungible." IBP, Inc., 257 F.3d at 799 (quoting Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 509 (9th Cir. 2000)).

one year of the filing of the NAACP charge submitted on behalf of Webb and Smith. The Court therefore determines that Plaintiffs Mems, Khaliq, and Brown may recover damages only within one year of the filing of their respective administrative charges. Plaintiffs Webb and Smith may recover damages within one year of the filing of the NAACP charge filed on their behalf.

## CONCLUSION

For the foregoing reasons, and upon all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1.    Plaintiff Robert Mems may recover damages for any illegal acts of discrimination against him occurring since April 15, 1996;

2.    Plaintiff Nathanial Khaliq may recover damages for any illegal acts of discrimination against him occurring since April 22, 1996;

3.    Plaintiff Byron Brown may recover damages for any illegal acts of discrimination against him occurring since April 16, 1996; and

4.    Plaintiffs Phillip Webb and Thurman Smith may recover damages for any illegal acts of discrimination against them occurring since November 5, 1995.

Dated: *November 23, 2001*

Paul A. Magnuson
United States District Court Judge